IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Medina, #52653-066, ) | C/A No. 8:13-2921-TLW-JDA |
|                         ) | |
| Petitioner,     ) | |
|                         ) | |
| vs.                    ) | |
|                         ) | REPORT AND RECOMMENDATION |
| M. Cruz, Warden FCI Williamsburg, ) | |
|                         ) | |
| Respondent.    ) | |
| _____) | |

Steve Medina ("Petitioner"), proceeding *pro se*, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner is a prisoner incarcerated at FCI-Williamsburg, in Salters, South Carolina, and he seeks release from custody. Petitioner is proceeding *in forma pauperis*. The Petition is subject to summary dismissal.

## Background

Petitioner alleges that he was convicted by a jury in the United States District Court for the Eastern District of Pennsylvania of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e), and he received a 235-month sentence of imprisonment. Petition [Doc. 1-1]. He alleges he filed a direct appeal, and the Third Circuit Court of Appeals affirmed his case. *Id.* He alleges he filed a habeas corpus action in the sentencing court pursuant to 28 U.S.C. § 2255, and the action was dismissed on May 23, 2002. *Id.*; [Doc. 1.] He alleges his appeal in the § 2255 action was denied, and that he also filed an unsuccessful request for relief from judgment pursuant to Fed. R. Civ. P. 60(b). [Doc. 1-1.]

This Court takes judicial notice that on July 21, 1999, Petitioner was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and at the

time of sentencing all parties agreed that he was subject to a mandatory minimum sentence of fifteen years pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), based on his prior felony drug-related offenses.  *See* Memorandum and Order, *United States v. Medina*, No. 2:99-cr-141-WY (E.D.Pa. Dec. 5, 2006), ECF No. 107; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").  The Third Circuit Court of Appeals affirmed the case on September 14, 2000.  *See* Memorandum and Order, *United States v. Medina*, No. 2:99-cr-141-WY (E.D.Pa. Dec. 5, 2006), ECF No. 107.

On May 9, 2001, Petitioner filed a *pro se* § 2255 motion to vacate raising many issues including the consolidation of sentences for sentencing purposes.  *Id.* at 3–4. Thereafter, the sentencing court appointed counsel, and the attorney filed an amended § 2255 motion that did not raise any issues related to sentencing.  *Id.* at 5.  That court denied the § 2255 motion on May 23, 2002.  *Id.*  On March 3, 2003, the Third Circuit Court of Appeals denied the certificate of appealability, wherein Petitioner did not make any sentencing-related arguments.  *Id.*  On August 29, 2003, Petitioner filed a petition to reopen his § 2255 motion seeking to raise the issue that his sentence was illegal because he was not eligible for enhanced punishment as an armed career criminal pursuant to § 924(e).  *Id.* at 6.  The sentencing court denied the petition to reopen because it was actually a second § 2255 motion that the court could not hear absent a certification from the Third Circuit.  *Id.*  Petitioner appealed to the Third Circuit and raised sentencing issues

related to the use of drug offenses as predicates for purposes of the ACCA, and that court denied a certificate of appealability on July 23, 2004. *Id.*

On December 22, 2005, Petitioner filed a motion for relief from judgment or order pursuant to Fed. R. Civ. P. 60(b) in the sentencing court. *Id.* On December 5, 2006, that court entered a lengthy order that denied the Rule 60(b) motion, and it addressed the merits of Petitioner's argument that his prior drug offenses did not qualify as serious drug offenses under the ACCA because it was impossible to ascertain whether they carried a maximum sentence of ten years or more.[1] *Id.* at 18–22. The sentencing court found that Petitioner had at least three qualifying offenses for purposes of ACCA enhancement—burglary was a "violent felony" under the ACCA and two of the prior drug convictions qualified as "serious drug offenses" based on the penalty ranges. *Id.* Petitioner requested a certificate of appealability from the order denying the Rule 60(b) motion, and the Third Circuit denied it. *See* Order, *United States v. Medina*, No. 2:99-cr-141-WY (3d Cir. June 20, 2007), ECF No. 112.

In the instant action, Petitioner alleges that the § 2255 savings clause permits him to bring this § 2241 action based on two opinions decided by the United States Court of Appeals for the Fourth Circuit—*United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), and *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013). [Doc. 1-1 at 3.] He seems to assert that the § 924(e) ACCA sentence enhancement was wrongfully applied to him and

---

[1] The sentencing court found that Petitioner was procedurally barred from bringing his arguments in a Rule 60(b) motion due to his prior unsuccessful § 2255 motion, but it addressed the substantive arguments and found them to be unavailing. *See* Memorandum and Order, *United States v. Medina*, No. 2:99-cr-141-WY (E.D.Pa. Dec. 5, 2006), ECF No. 107 at 22.

3

that he was not a "felon" in possession. Specifically, he seems to assert that *Simmons* changed the substantive law regarding the ACCA such that he did not face a penalty for his prior drug offenses that would render those offenses as felonies or serious drug offenses. *Id.* at 3–5. Further, he seems to assert that under *Davis* because his sentences were consolidated they should have counted as only one prior sentence such that he did not have three qualifying predicate offenses. *Id.* He alleges that the savings clause applies because the two recent cases changed the substantive law but are not new rules of constitutional law such that he must file a § 2241 Petition because he will not be permitted to bring another § 2255 action. *Id.*

## Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does

not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner's § 2241 Petition should be dismissed because the savings clause contained in § 2255 does not permit him to bring this action. Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. April 7, 2009) (citation omitted). Petitioner alleges that he is attacking the validity of his conviction, and this type of claim should usually be brought under § 2255 in the sentencing court. *Rice v. Rivera,* 617 F.3d 802 (4th Cir. 2010). Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention. *Id.* The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the

> prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34.  Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion.  *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, *2 (D.S.C. Sept. 18, 2006).

In this case, Petitioner asserts that the savings clause permits him to bring his claims within the § 2241 Petition.  However, this Court disagrees.  Petitioner does not plausibly allege that the substantive law changed such that the conduct of which Petitioner was convicted is now deemed not to be criminal.  Although *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), did announce a new substantive rule related to a prior felony conviction for purposes of the felon in possession of a firearm statute, § 922(g)(1), and it is retroactively applicable on collateral review, *Simmons* is not applicable to Petitioner's case.  *See Miller v. United* States, 735 F.3d 141, 147 (4th Cir. 2013).  Simmons relates to whether a conviction and sentence under North Carolina's mandatory Structured Sentencing Act was punishable by more than one year in prison and is a felony offense for purposes of federal law.  *Id.* at 144–45.  Petitioner's prior convictions which rendered him a felon for purposes of § 922(g)(1) were entered in Pennsylvania state courts; thus, the *Simmons* and *Miller* cases which relate to North Carolina state law are not applicable to his facts.  *See Mosley v. Rivera*, C/A No. 0:11-3136-TMC-PJG, 2012 WL 1245662, at *3 n.2 (D.S.C. March 23, 2012) (noting that *Simmons* is not applicable to the prisoner's case because a prior Georgia, not North Carolina, conviction was used to enhance his federal

sentence), *adopted by*, 2012 WL 1245552; *cf. Farrow v. Revell*, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (finding that based on *Simmons* the prisoner stated a cognizable claim of actual innocence of being a felon in possession of a firearm; this case arose from the Eastern District of North Carolina). Moreover, Petitioner's exhibits attached to the § 2241 Petition indicate that he actually received several prior sentences in Pennsylvania state court for "one to two years imprisonment." [Doc. 1-2.] In other words, Petitioner has not plausibly alleged that he was sentenced to less than one year on his prior state convictions such that he was not a "felon" for purposes of federal law.

Further, Petitioner relies on *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013). In *Davis*, on direct appeal the Fourth Circuit held that under North Carolina law where the defendant received one consolidated sentence for multiple violations of state law that counted as a single sentence such that there were not two prior felony convictions for purposes of the career offender enhancement under the United States Sentencing Guidelines. *Id. Davis* is not applicable to Petitioner's case because he was not sentenced for prior North Carolina convictions. Thus, *Davis* did not change the substantive law related to Petitioner's case. Accordingly, the *In re Jones* savings clause test is not satisfied because no substantive law related to Petitioner's factual circumstances changed such that the conduct of which he was convicted is deemed not to be criminal.

Finally, the Fourth Circuit Court of Appeals has held that a challenge to a prisoner's status of being an armed career criminal is not cognizable in a § 2241 petition because innocence of sentencing factors cannot be raised under the savings clause. *Farrow v. Revell*, No. 13-6804, 2013 WL 5546155, at *1 (4th Cir. Oct. 9, 2013). Here, although

Petitioner states that he is not challenging the accuracy of his sentence but only the accuracy of his conviction [Doc. 1-1 at 5], to the extent this action is construed such that Petitioner is attacking his sentence under the ACCA, the reach of the savings clause has not been extended to prisoners who challenge only their sentences. *Id.; United States v. Poole*, 531 F.3d 263, 267, n.7 (4th Cir. 2008); *Giuliano v. Warden*, C/A No. 6:13-311-MBS-KFM, 2013 WL 2470962, *2 (D.S.C. June 7, 2013).

<u>Recommendation</u>

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

December 6, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).