IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| STEVE MEDINA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 8:13-cv-02921-TLW |
| | ) |
| M. CRUZ, | ) |
| WARDEN AT FCI WILLIAMSBURG, | ) |
| | ) |
| Respondent. | ) |

# ORDER

Petitioner Steve Medina, an inmate at Federal Correctional Institution Williamsburg, in Salters, South Carolina, filed this pro se habeas petition pursuant to 28 U.S.C. § 2241 on October 25, 2013. (Doc. #1). This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Jacquelyn D. Austin, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court dismiss this petition without prejudice and without requiring Respondent to file an answer or return. (Doc. #13). Petitioner filed objections to the Report on December 23, 2013. (Doc. #17). Respondent's reply was due by January 9, 2014. Respondent did not file a reply, and this matter is now ripe for disposition.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which

an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report and Petitioner's objections thereto in accordance with this standard, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law. Accordingly, it is hereby **ORDERED** that the Report and Recommendation is **ACCEPTED** (Doc. #13), and Petitioner's objections thereto are **OVERRULED** (Doc. #17).[1] For the reasons articulated by the Magistrate Judge, the petition is **DISMISSED** without prejudice and without requiring Respondent to file an answer or return.

**IT IS SO ORDERED**.

---

[1] The Court notes that Petitioner relies on United States v. Davis, 720 F.3d 215 (4th Cir. 2013), to argue that his "prior sentence/judgment with respect to [his three prior state court drug convictions] were consolidated and adjucated [sic] under a formal consolidated order by the state court" and thus constitute a single qualifying offense. (Doc. #1-1 at 3). However, as the Fourth Circuit explained in Davis, a case in which the defendant receives a single "consolidated sentence" pursuant to North Carolina law is not the equivalent of a case that is "consolidated for sentencing" for purposes of judicial economy. 720 F.3d at 219. The Court in Davis addressed a "consolidated sentence" specifically permitted by N.C. Gen. Stat. Ann. § 15A-1340.15(b). Petitioner's case, in contrast, is one in which the Pennsylvania state court consolidated several offenses for sentencing. Because Petitioner did not receive one "consolidated sentence" as contemplated by the Court in Davis, the Court accepts the Magistrate Judge's conclusion that Davis does not entitle Petitioner to relief.

          *s/ Terry L. Wooten*
          Terry L. Wooten
          Chief United States District Judge

October 23, 2014
Columbia, South Carolina